**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000664
23-JUN-2025
10:15 AM
Dkt. 55 SO**

NO. CAAP-24-0000664

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

J.W., Petitioner-Appellee, v.
R.E., Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1PP151006391)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

R.E. (**Mother**) is the mother of **Child**, born in 2012. She appeals from the September 12, 2024 *Order Re: [Mother]'s Motion to Allow Reunification Therapy, to Resume Supervised Visitation and to Appoint Child Therapist* entered by the Family Court of the First Circuit.[1] We vacate and remand.

J.W. (**Father**) filed this paternity case on October 30, 2015. A stipulated judgment of paternity was entered on September 22, 2016.

Father and Mother each moved to modify custody and visitation in late 2021. The court-appointed Best Interest Fact Finder (**BIFF**) filed a report on December 13, 2022. The family court entered its **Decision and Order** *re: Custody, Visitation, and Support* on February 23, 2024. Father was awarded sole legal and physical custody "at this time." Mother was allowed supervised video visits at least twice a week. An order was entered on March 18, 2024, stating the purpose for supervised visitation was

---

[1] The Honorable Jessi L.K. Hall presided.

to "reintroduce Mother and [Child] and to determine [Child]'s comfort level of visits." Mother appealed, creating Judiciary Information Management System No. CAAP-24-0000300 (**Mother's First Appeal**).

On May 19, 2024, Mother moved to allow reunification therapy, resume supervised visitation,[2] and appoint a child therapist. The family court interviewed Child ex parte on August 27, 2024, by agreement of the parties. The interview was recorded. Mother and Father and their respective attorneys separately watched the recorded interview before the August 29, 2024 hearing on Mother's motion.

The family court entered the Order on September 12, 2024. Mother's request to resume reunification therapy was denied. Father was ordered to "find an age-appropriate therapist" for Child, and to provide the therapist with the BIFF's report, the February 23, 2024 decision and order on custody and visitation, and the related findings and conclusions. Mother was prohibited from contacting the therapist. The Order stated: "If [Child] were to request to see or to call his Mother, then the court hopes that Father would honor the child's request."

This appeal by Mother followed. The family court entered findings of fact (**FOF**) and conclusions of law (**COL**) on November 14, 2024, consistent with Hawaiʻi Family Court Rules Rule 52.

Mother's statement of the points of error contends the family court abused its discretion by terminating her parental rights without due process or adequate justification. Mother also challenges several of the family court's FOFs and COLs. Father did not file an answering brief.

In Mother's First Appeal, we vacated the family court's February 23, 2024 Decision and Order. We held that the family

---

[2] The family court had entered an order releasing the visitation supervisor on April 22, 2024, in response to the supervisor's request for instructions. This effectively terminated the supervised visits without notice to Mother or an opportunity for her to be heard.

court erred by: (1) applying collateral estoppel to preclude Mother from disputing allegations she sexually abused Child; and (2) applying the Hawaii Revised Statutes § 571-46(a)(9) presumption it is not in a child's best interest to be placed in sole or joint custody with the perpetrator of family violence. J.W. v. R.E., No. CAAP-24-0000300, 2024 WL 1394007 (Haw. App. May 14, 2024) (SDO). We remanded the case to the family court for further proceedings.

The need for Mother's motion to allow reunification therapy, resume supervised visitation, and appoint a child therapist stemmed from the erroneous February 23, 2024 Decision and Order and subsequent related orders. This is reflected in the family court's FOF nos. 2 through 7 and 28, and its April 22, 2024 order effectively terminating Mother's supervised visits, among other things. Proceedings on remand from Mother's First Appeal could have a material impact on the factual and legal issues resolved by the family court's September 12, 2024 Order and November 14, 2024 Findings of Fact and Conclusions of Law at issue in this appeal.

Because we vacated the February 23, 2024 Decision and Order in Mother's First Appeal, we vacate the family court's September 12, 2024 "Order re: [Mother]'s Motion to Allow Reunification Therapy, to Resume Supervised Visitation and to Appoint Child Therapist" and November 14, 2024 "Findings of Fact and Conclusions of Law" at issue in this appeal, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, June 23, 2025.

On the brief(s):

Mateo Caballero,
for Respondent-Appellant R.E.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge